## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| GARY COUCH, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | |
| Officer JERMAINE BRITTON, : | |
| : | 5:15-CV-26 (MTT) |
| Defendant : | |
| _____: | **O R D E R** |

Plaintiff Gary Couch, a prisoner at Georgia State Prison, has filed a notice of appeal (ECF No. 93) and motion to proceed *in forma pauperis* on appeal (ECF No. 98) from the entry of judgment for the Defendant, Jermaine Britton, pursuant to a jury verdict in Britton's favor in this civil rights action filed pursuant to 42 U.S.C. § 1983.

A court may authorize an appeal of a civil action without prepayment of fees if the prisoner submits an affidavit that includes a statement of all assets and that states the prisoner is unable to pay or give security therefor. *See* 28 U.S.C. § 1915(a)(1). Nevertheless, this Court may deny *in forma pauperis* status if the Court determines the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."). "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is considered frivolous when it is brought "without arguable merit either in law or

fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

In his notice of appeal, Plaintiff does not state the specific issues he wishes to appeal. In this case, the Plaintiff contended that the Defendant used excessive force when the Defendant entered his cell to clear a toilet the Plaintiff had clogged, allegedly in protest of some action or inaction by prison authorities. The Defendant contended that the Plaintiff instead beat his head against a wall because of his frustration with whatever authorities had done or failed to do. Further, the Defendant was prepared to adduce evidence that the Plaintiff regularly beat his head against the wall whenever he did not get what he wanted. Notwithstanding the absence of an objection by the Plaintiff, the Court ruled at the pretrial conference that this propensity evidence was not admissible. At trial, the Plaintiff called fellow inmate Anthony Dasher who on direct examination by the Plaintiff testified that, in fact, the Plaintiff had beat his head against the wall. Dasher further testified that the Plaintiff "always [beats his head against a wall] when he can't have his way." The jury delivered a defense verdict after deliberating for 21 minutes. The Plaintiff raised no objections during the trial. In short, this case involved the resolution of a simple factual issue, and the evidence, including the testimony of the Plaintiff's witness, overwhelmingly favored the Defendant's version of events. There are no legitimate grounds for appeal. To allow Plaintiff to appeal would be a waste of judicial resources. The Court therefore certifies, pursuant to section 1915(a)(3), that Plaintiff's appeal is not taken in good faith. Accordingly, Plaintiff's motion to proceed *in forma pauperis* on

appeal is hereby **DENIED**.[1]

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

Any further requests to proceed *in forma pauperis* on appeal should be directed to the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**, this 30th day of September, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] As the Court determines that Plaintiff's appeal is not taken in good faith, the Court need not consider whether Plaintiff is unable to pre-pay the appellate filing fees.